IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 3:06-cr-00041-MEF-SRW |
| | ) |
| JUDY ANN BANKS SIMS | ) |

**PLEA AGREEMENT**

DEFENSE COUNSEL:          George L. Beck, Jr.

ASSISTANT U.S. ATTORNEY:  Andrew O. Schiff

**COUNT AND STATUTES CHARGED**

Count 1:    18 U.S.C. § 1027 (false documents related to ERISA plan)

**STATUTORY MAXIMUM PENALTIES**

Sentence: a term of imprisonment of not more than five years, and a fine of not more than $250,000 (or, if greater, twice the gross loss or gross gain), or both; a term of supervised release of not more than three years; an assessment fee of $100; and an order of restitution.

**ELEMENTS OF THE OFFENSE**

First:   The defendant made a false statement or representation of fact, or concealed, covered-up, or failed to disclose a fact.

Second:  The defendant did so knowingly.

Third:   The false statement or representation of fact was made in a document required by Title I of ERISA to be published, or kept as part of the records of any employee welfare benefit plan, or certified to the administrator of any such plan, and any concealment, cover-up, or failure to disclose was of a fact the disclosure of which is required by Title I or is necessary to verify, explain, or check for accuracy and completeness any information required by such title to be published or certified.

Fourth:  The employee welfare benefit plan in question was an employee welfare benefit plan within the meaning of and subject to Title I of ERISA.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Andrew O. Schiff, Assistant United States Attorney, and George L. Beck, Jr., attorney for the defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Information, and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and will proceed to trial.

## GOVERNMENT'S PROVISIONS

1. For purposes of the calculation of defendant's offense level under the United States Sentencing Guidelines, the government agrees as follows:

   a. The applicable guideline is U.S.S.G. § 2E5.3 in effect prior to the amendments effective November 1, 2001.

   b. The Government reserves the right to argue that the offense was committed to facilitate or conceal a theft or embezzlement, and that therefore U.S.S.G. § 2B1.1 is applicable. See U.S.S.G. § 2E5.3(a)(2). However, the Government will not argue for application of § 2E5.3(a)(2) if the Probation Office determines that the enhancement is not applicable.

   c. If the Court determines that § 2E5.3(a)(2), and therefore § 2B1.1, is applicable, the Government agrees that the offense level prior to the adjustment for acceptance of responsibility is 14, determined as follows:

      I. the base offense level is 4;

      ii. the amount of loss is more than $70,000 but not more than $120,000, and therefore the offense level is increased by 8 levels; and

      iii. the offense involved more than minimal planning, and therefore the offense level is increased by 2 levels.

-2-

d. If, in its revised Presentence Investigation Report ("PSI"), the Probation Office determines any item in paragraph 1(c) in a manner more favorable to the defendant than that agreed to by the Government, the Government agrees not to object to that aspect of the PSI.

e. The 2-level decrease for acceptance of responsibility is applicable. See U.S.S.G. § 3E1.1(a).

f. If the defendant's offense level prior to the adjustment for acceptance of responsibility is 16 or greater, the Government will move for an additional 1-level decrease based on defendant's timely notification of his intent to plead guilty. See U.S.S.G. § 3E1.1(b).

2. The Government agrees to recommend a sentence as follows:

a. if the Guideline Range is determined to be in Zone C or D, the minimum term of imprisonment required by the Sentencing Guidelines.

b. if the Guideline Range is determined to be in Zone A or B, a sentence of three years probation, including six months home detention.

3. The only basis for defendant to withdraw her plea would be if the Court were to sentence defendant to a sentence greater than the minimum term of imprisonment authorized by offense level 12 and the criminal history category applicable to defendant. For example, if defendant is in Criminal History Category I, she would have the right to withdraw only if the court were to sentence her to greater than five months imprisonment.

4. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

1. The defendant, aware that the violation of 18 U.S.C. § 1027 charged in the Information is punishable by imprisonment for more than one year, agrees to waive her right to prosecution by indictment.

2. Defendant agrees to plead guilty to Count 1 of the Information.

3. Defendant reserves all of her arguments concerning the calculation of the Guideline Range, the advisory nature of the Guidelines, and the appropriate sentence.

4. The only basis for defendant to withdraw her plea would be if the Court were to sentence defendant to a sentence greater than the minimum term of imprisonment authorized by offense level 12 and the criminal history category applicable to defendant. For example, if defendant is in Criminal History Category I, she would have the right to withdraw if the court were to sentence her to greater than five months imprisonment.

5. The defendant agrees to make restitution to the Plan in the amount owed by PEL to the Plan as of the date of sentencing.

## FACTUAL BASIS

The defendant admits the allegations charged in Count 1 of the Information and understands that the nature of the charge to which the plea is offered involves proof as to Count 1 that during the relevant time period (1997 to 2005), defendant operated the business of Professional Employee Leasing, Inc. ("PEL"), a corporation owned by her husband. The business of PEL was to "lease" employees to other entities, mostly physicians' offices. The physicians were billed by PEL, and PEL would pay the "leased" employees. PEL maintained a retirement benefit plan called the Professional Employee Leasing, Inc. Money Purchase Pension Plan (the "Plan"). The Plan is an "employee

pension benefit plan" within the meaning of and subject to Title I of ERISA. PEL would include the contributions to the Plan as a separate line item on the invoices to the physicians. Beginning in 1997, PEL began to fail to contribute to the Plan all of the funds it was receiving for that purpose from the physicians. As a result, each year defendant would cause to be filed with the IRS and the Department of Labor a Form 5500 (Annual Return/Report of Employee Benefit Plan), which is a document required to be published under Title I of ERISA, that contained false statement and/or representations of fact, which defendant knew to be false. On or about October 13, 2001, Sims caused to be filed a Form 5500 that materially overstated the amount of Plan assets.

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the ground of ineffective assistance of counsel or prosecutorial misconduct. In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Information, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver.

## **DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT**

1. The defendant, before entering a plea of guilty to Count 1 of the Information as provided for herein by said Plea Agreement, advises the Court that:

   a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

   b. Other than as provided for under Rule 11(c)(1)(C), *Federal Rules of Criminal Procedure*, the Defendant acknowledges that a breach of this Plea Agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

   c. The defendant further understands that, pursuant to Title 18, United States Code, Section 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing and submitting to the court or the government any financial statements, the defendant is representing that the statement is true and accurate to the best of the defendant's information, knowledge, and belief.

   d. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

   e. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel,

-6-

the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

    f. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

    g. The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government, and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

    h. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

    i. The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the respective Court.

    j. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the

crimes charged in the Information herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Information herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

k.   The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

2.   The undersigned attorney for the government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the

defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

3. The defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court, may differ from that projected by defendant's counsel or the United States Attorney.

This 9th day of February, 2006.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

Andrew O. Schiff
Deputy Chief, Criminal Division

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL.

_____
Judy Ann Banks Sims
Defendant

_____
Date

_____
George L. Beck, Jr.
Attorney for the Defendant

2-9-06
_____
Date