**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**

**UNITED STATES OF AMERICA**

    **v.**

**JUDY ANN BANKS SIMS**

)
)
)
)
)

**CASE NO.: 3:06cr00041-MEF**

## OBJECTION TO REVISED PRE-SENTENCE INVESTIGATION REPORT AND BRIEF IN SUPPORT THEREOF

COMES NOW the Defendant, by and through Counsel, and files this Objection to the Revised Pre-Sentence Report dated October 10, 2006, and states as follows:

1.   The Defendant refers the Court to the Defendant's comments and objections dated July 14, 2006, marked Exhibit A, attached hereto and specifically incorporated herein by reference.

2.   The Defendant notes the two objections on file by the Government as further grounds for the Court not to accept the Revised Pre-Sentence Report.  (See Exhibit B)

3.   The Defendant objects to the enhancement applied by the Probation Office found at USSG §2E5.5 since said offense was not committed to facilitate or conceal a theft or embezzlement.  Therefore, §2B1.1 does not apply.  The Defendant was an employee of PEL, Inc., an employee rental corporation.  She was not an officer nor director of that company.  She had an administerial job which required her to pay the

expenses of her employer, payroll, payroll deductions and pension plan of all employees. The Defendant was not a trustee, administrator nor other fiduciary of the pension plan. (See statement of M. Paul Turner, enrolled actuary and administrator of the plan, marked Exhibit C, attached hereto and specifically incorporated herein by reference.)

During her tenure as employee of PEL, the Defendant was required to pay rent, telephone bills and a CPA to the PEL corporation. These payments were in addition to the payments made on behalf of the employers. Oftentimes, the employer was late in making their contributions into PEL's bank account for disbursement. PEL would routinely advance funds necessary to pay employee salaries, employee withholding requirements, pension contributions and general expenses. **All payments made by the Defendant were legitimate business expenses to be paid either on behalf of her own employer, the PEL, or on behalf of those employers who engaged the services of PEL**.

At no time did the Defendant convert any funds for her personal use. While it may be true that her husband, and ultimately she, to the extent she was his spouse, received benefits from PEL for rental of office, office equipment and supplies, it is undisputed that these were legitimate payments to a legitimate creditor. Because insufficient funds came in to fund both the corporate expense and employee expense, a shortfall developed in the funding of the pension plan. However, at all times, the

Defendant properly designated the required distribution amount owed to each member of the plan. The false statement to which she has pled guilty and accepts full responsibility is the forwarding of that information to the plan administrator with the representation that those funds were also on deposit in the bank, when in fact the funds were short. However, the funds were not stolen nor embezzled. There simply were not enough funds to pay all the creditors.

At no time did the Defendant believe that her husband's business or law practice would not step in and make good any deficit in the event all of the employees demanded their funds at one time. (Incidentally, an event that never happened.)

Generally, the mere failure of an agent to return money entrusted to him, without evidence of a fraudulent appropriation or conversion, is not sufficient to constitute the crime of embezzlement. *Henderson v. State,* 29 So. 799, 129 Ala. 104. To warrant conviction for embezzlement, there must be some act indicating an intent on the part of the accused to convert property which is lawfully in his possession to his own use or to assume personal dominion over the property. *Rogers v. State*, 65 So. 2d 531, 259 Ala. 124. There simply has to be some act indicating an intent by an alleged embezzler to hold the property for himself, deprive the owner of the same or convert it to his own use. *Knight v. State*, 44 So. 585, 152 Ala. 56.

Before any funds are deposited into a plan, these funds are "generic" to the corporation. Corporate debts, employee debts and employer debts have to be paid. At best, the funds in question are mere unpaid employer contributions. Unpaid employer contributions are not assets of an ERISA fund to which a fiduciary responsibility attaches. *ITPE Pension Fund v. Hall*, 334 F.3d 1011 (11th Cir. 2003). Likewise, a mere employee cannot be imputed with fiduciary duties and consequently held personally liable for unpaid employee contributions to an ERISA pension fund. This is especially true where there is ambiguity over whether such contributions were assets to the fund. *Supra*

Even where the 10th Circuit found unpaid employer contributions to be plan assets under a particular pension plan's documents, the Court refused to confer ERISA fiduciary status on an employee who did not exercise authority and control over the management or disposition of those assets. *Luna v. Luna,* 406 F.3d 1192 (10th Cir. 2005). The performance of administerial duties, even though requiring certain specific skills, does not confer ERISA fiduciary status. To confer ERISA fiduciary status, there must be some plan document that confers the right to exercise discretion with respect to the purchasing or selling securities or property on behalf of the employee benefit plan. As the Court states:

> "...On the other hand, activities such as the calculation of
> benefits, preparation of employee communication material,

and the maintenance of employee records are not sufficient

to impute fiduciary status." *Luna, supra* at p. 1201.

The Defendant was not a named fiduciary nor named trustee.  M. Paul

Turner was employed to exercise discretion to manage the fund.  (See

Exhibit C).  Thus, not only is the Defendant not an ERISA fiduciary, since

there is ambiguity as to the status of unpaid plan contributions, she cannot

be held responsible for stealing or embezzling plan assets.  Since all funds

that came into her care, custody and control were paid out on legitimate

invoices to either her own employer or the employees, she could not be

guilty of stealing nor embezzling funds.  Since there is no theft nor

embezzlement, the enhancement under USSG §2E5.5 cannot apply.

4.    The Defendant also objects, along with counsel for the

Government as noted above, to a two-point enhancement for violation of a

position of trust.  Although Defendant agrees to the application of a two-

point enhancement because the offense involved more than minimal

planning, she does not agree that she was in a position of public or private

trust as defined under the guidelines.  She was not a fiduciary as stated

above, exercised no discretionary authority nor control with respect to the

management of the employee pension plan (per Exhibit C) and never

directed the disbursement of pension plan assets.

In addition to the cases cited above, the 11th Circuit has ruled many

times on "non-fiduciaries."  An administrator of ERISA-governed employee

welfare benefit plan was not "fiduciary," *Baker v. Big Star Div. of the Grand Union Co.,* 893 F.2d 288 (CA 11th 1989); where discretion is limited by policies, practices and procedures, there is no ERISA "fiduciary," *Useden v. Acker*, 947 F.2d 1563 (CA 11th 1991); where a person is not clearly made aware of his status as a fiduciary employee, then that person should not be attributed "fiduciary status" under ERISA, *ITPE Pension Fund v. Hall*, 334 F.3d 1011 (CA 11th 2003); non-fiduciary administrators of an employee benefit plan is not even regulated by ERISA, *Howard v. Parisian, Inc.,* 807 F.2d 1560 (CA 11th Ala. 1987); where an employee is not given notice of his or her role as fiduciary, then they are simply not fiduciaries under ERISA, *Herman v. NationsBank Trust Co.,* 126 F.3d 1354 (CA 11th 1997).

Simply stated, the Defendant was not a fiduciary of the welfare benefit plan in question. She performed administrative duties only. She gave false information to the plan administrator which took more than minimal planning for which she has accepted full responsibility and agrees to the two-point enhancement. However, the two-point enhancement for abuse of a position of trust is not applicable.

5.     The Defendant supplements its objection to the conclusion by Probation that restitution in any amount is due. There simply is not a victim. It is undisputed that not one single employee was not paid any distribution from the plan when demanded. The Defendant obtained loans to cover any shortfall due the pension plan. The pension plan currently has all assets

necessary to fund each employee's respective share. There simply is no deficit. Contrary to the conclusion reached by Probation, no restitution of payments has been claimed by Professional Employee Leasing, Inc. Neither PEL nor the fund is a victim, and no amount of restitution is due and outstanding to any victim. Accordingly, the Defendant objects to any order authorizing any restitution of payment under 18 USC §3663(A).

### CONCLUSION

The Defendant believes the objection and arguments made in support thereof are well supported by the evidence and the law. In addition to the documents attached to the brief, the Defendant would like to provide testimony at her hearing and may call one of the employers to explain why it never felt any danger from underfunding by the Defendant.

The Defendant respectfully requests that this Court enter an order accepting her objections and rejecting the conclusions reached by the United States Probation Officer in respect to those items argued. The Defendant respectfully requests that the Court grant her probation, or otherwise sentence her to minimum home confinement under such conditions as this Court may require.

Respectfully submitted this the 13 day of October, 2006.

Capell & Howard, P.C.

By: _____

George L. Beck, Jr. (BEC011)

OF COUNSEL:
CAPELL & HOWARD, P.C.
150 South Perry Street
P.O. Box 2069
Montgomery, AL 36102-2069
Phone: 334-241-8002
Fax:    334-241-8202

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the following counsel of record by placing a copy in the United States mail, postage prepaid and properly addressed to them on this ___13th___ day of October, 2006.

Andrew O. Schiff, Esq.
Assistant U.S. Attorney
P.O. Box 197
Montgomery, AL 36101-0197

By: _George L. Beck, Jr._
George L. Beck, Jr. (BEC011)

1078143