FRANK H. McFADDEN                    CHARLES A. STEWART III          J. LISTER HUBBARD
JOHN F. ANDREWS                      JAMES N. WALTER, JR.            LEE M. RUSSELL, JR.
WILLIAM D. COLEMAN                   JAMES H. McLEMORE               CHAD W. BRYAN
WILLIAM K. MARTIN                    CONSTANCE SMITH BARKER          MICHAEL P. DALTON
GEORGE L. BECK, JR.                  W. HOLT SPEIR III               CATY HOUSTON RICHARDSON
BRUCE J. DOWNEY III                  CHRISTOPHER W. WELLER          ARDEN REED PATHAK
HENRY C. BARNETT, JR.                DEBRA DEAMES SPAIN              TERRIE SCOTT BIGGS
K. PALMER SMITH                      C. CLAY TORBERT III
ROBERT T. MEADOWS III                R. BROOKE LAWSON III            OF COUNSEL:
HENRY H. HUTCHINSON                  J. SCOTT PIERCE                 JAMES M. SCOTT
SHAPARD D. ASHLEY                    ROBERT D. RIVES                 THOMAS S. LAWSON, JR.
D. KYLE JOHNSON                      RICHARD H. ALLEN
ROBERT F. NORTHCUTT                  M. COURTNEY WILLIAMS

# CAPELL & HOWARD P.C.
## ATTORNEYS AT LAW

July 14, 2006

Mr. Terrence N. Marshall
U.S. Probation Office
One Church Street
Montgomery, AL 36104

> **RE:** *U.S.A. vs. Judy Sims*
> *Docket No.: 3:05cr00041-MEF*
> *Sentencing Date: August 17, 2006*
> *Our File No. 25659-001*

Dear Mr. Marshall:

The Defendant has the following comments and response to your Presentence Investigation Report. I will attempt to address them paragraph by paragraph for easier future reference.

| PARAGRAPH | COMMENTS |
|---|---|
| 1, 2 | Satisfactory |
| 3 | There is no indictment, no forfeiture allegation and only one count. This paragraph obviously was inadvertently inserted from another presentence report. |
| 4 | Satisfactory |
| 5 | Mrs. Sims' understanding of the plea agreement is essentially how you characterized it. However, she understands that there is to be no fine; she does not remember a reference to home confinement; and it is her understanding that if she is sentenced to greater than five months' imprisonment, she could withdraw her plea. She further understands that she has the right to apply for straight probation and a waiver of imposition of guidelines. |
| 6 | Satisfactory |
| 7 | Mrs. Sims believes that the amount of contributions stated in paragraph 7 is incorrect, nor is there any balance or deficit of $34,468.43. Some of the money collected from the employer groups was properly deposited. Some was not. It |

**MONTGOMERY • OPELIKA / AUBURN**

1070710.doc150 SOUTH PERRY STREET (36104), POST OFFICE BOX 2069, MONTGOMERY, ALABAMA 36102-2069
334 241 8000 *tel*    334 323 8888 *fax*    www.capellhoward.com



EXHIBIT
A

Page Two
July 14, 2006

is the computation of the figures which we feel are incorrect. Incidentally, as each participant withdrew from the plan, the participant received the full credit. In other words, the amount computed for each participant was correct; the money simply was not entirely available had everyone liquidated the plan at one time. Mrs. Sims faithfully made all plan payments, and the plan was made whole for 2004 in February 2005.

8        There is no plan deficit. Thus, no restitution is owed.

9, 10, 11    Satisfactory

12       The correct amount for guideline purposes should be between $70,000 and $120,000.

13       Pursuant to paragraph above, the points should be 8, not 9.

14       Satisfactory

15       Mrs. Sims denies she abused a position of trust as defined under the guidelines or that said 2-point enhancement is otherwise contained in other guidelines and would be a duplication.

16, 17    Satisfactory

18       The total points should read 14 before acceptance of responsibility.

19       Since the total guideline points are 14, then Mrs. Sims is entitled to a 2-point adjustment for acceptance of responsibility.

20       Satisfactory

21       Thus, the total points would be 12; but under the plea agreement, Mrs. Sims would be entitled to an additional 1-point decrease for a total offense level of 11 points.

22, 23, 24    Satisfactory

25-31    Satisfactory

32       Mrs. Sims states that the basic information contained in paragraph 32 is correct. Although, she reminds the Court that assets, liability and income are subject to fluctuations. While there are some differences in net worth which are attributable to whether there is jointly owned property, Mrs. Sims believes that the information is substantially correct.

Page Three
July 14, 2006

| | |
|---|---|
| 33, 34 | Satisfactory |
| 35 | Based upon previous comments, the total offense level is 11, which should allow for straight probation or home confinement. |
| 36 | Satisfactory, subject to the comments made in paragraph 5 above. |
| 37-41 | I believe these paragraphs are subject to change based upon comments above. |
| 42 | Mrs. Sims was under the impression that the plea bargain did not include a fine. |
| 43 | Satisfactory |
| 44, 45 | See comments under 42 above. |
| 46 | Mrs. Sims denies owing any restitution. See comments to paragraphs 7 and 8 above. |
| 47 | Again, there is no reference in her factual situation to Winn Dixie or any of the elements contained in paragraph 47. |
| 48 | Mrs. Sims respectfully applies for a downward departure for straight probation or to otherwise be sentenced to home confinement or, otherwise, to limit any term of imprisonment to five months pursuant to the plea agreement. |

Judy and I would love to conference with you again on this presentence report. We appreciate the time that you have spent on this complicated matter. Hopefully, we can resolve these issues very quickly.

Sincerely,

CAPELL & HOWARD, P.C.

George L. Beck, Jr.

GLB,JR:mm

cc: Mr. Andrew O. Schiff

1070710.doc