IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:06cr41-MEF |
| | ) | |
| JUDY ANN BANKS SIMS | ) | |

**GOVERNMENT'S RESPONSE TO SIMS' OBJECTION TO
REVISED PRE-SENTENCE INVESTIGATION REPORT**

Comes now the United States of America, by and through Leura G. Canary, United States

Attorney for the Middle District of Alabama, and as grounds for this Response, states as follows:

**I.     STATEMENT OF FACTS**

The following facts are recited verbatim from the plea agreement in this case:

During the relevant time period (1997 to 2005), defendant operated the business of

Professional Employee Leasing, Inc. ("PEL"), a corporation owned by her husband. The business

of PEL was to "lease" employees to other entities, mostly physicians' offices. The physicians were

billed by PEL, and PEL would pay the "leased" employees. PEL maintained a retirement benefit

plan called the Professional Employee Leasing, Inc. Money Purchase Pension Plan (the "Plan"). The

Plan is an "employee pension benefit plan" within the meaning of and subject to Title I of ERISA.

PEL would include the contributions to the Plan as a separate line item on the invoices to the

physicians. Beginning in 1997, PEL began to fail to contribute to the Plan all of the funds it was

receiving for that purpose from the physicians. As a result, each year defendant would cause to be

filed with the IRS and the Department of Labor a Form 5500 (Annual Return/Report of Employee

Benefit Plan), which is a document required to be published under Title I of ERISA, that contained

false statement and/or representations of fact, which defendant knew to be false.

For the reasons set forth below, these facts demonstrate that Sims committed the offense to facilitate or conceal a theft or embezzlement within the meaning of U.S.S.G. § 2E5.3(a)(2) (2000 ed.). Therefore, the Court should overrule Sims' objection to the application of U.S.S.G. § 2B1.1.[1]

## II.    ARGUMENT

Sims pled guilty to filing a false Form 5500 in violation of 18 U.S.C. § 1027. The applicable Sentencing Guideline is the 2000 version of section 2E5.3, which provides for a base offense level of six. *See* U.S.S.G. § 2E5.3(a)(1). However, "[i]f the offense was committed to facilitate or conceal a theft or embezzlement . . . apply § 2B1.1 . . . ." U.S.S.G. § 2E5.3(a)(2). Here, Sims billed PEL's customers for contributions to the Plan; the customers made the payments to Sims, who diverted the moneys to the general use of PEL, her husband's company, rather than using the funds as represented. She then concealed her conversion of the funds by reporting to the Plan Administrator that the contributions had been made when in fact they had not been. Accordingly, pursuant to section 2E5.3(a)(2), section 2B1.1 should be utilized in determining Sims' offense level.

In her sentencing memorandum, Sims argues that section 2E5.3(a)(2) is inapplicable, relying on the fact that the physicians' payments never became assets of the Plan. Sims argument fails for two reasons.

First, the monies that PEL's customers provided to PEL were either assets of the Plan or "funds connected therewith" within the meaning of 18 U.S.C. § 664. *United States v. LaBarbara*, 129 F.3d 81, 88 (2d Cir. 1997); *United States v. Jackson*, 2006 WL 1587457, *5-6 (W.D. Va. June 7, 2006). The Eleventh Circuit's decision in *ITPE Pension Fund v. Hall*, 334 F.3d 1011 (11th Cir.

---

[1] The Government agrees with Sims that the enhancement for abuse of trust is inapplicable.

2003), is distinguishable, since *Hall* was determining whether such contributions were plan assets

under ERISA, and not under the broader language of 18 U.S.C. § 664.

Second, the status of the funds as "plan assets" is immaterial to the question of whether Sims'

false reporting facilitated or concealed a theft or embezzlement.  The plain language of section 2E5.3

imposes no requirement that the stolen funds be plan assets; rather, it states that the theft guideline

applies if the defendant committed the false reporting offense "to facilitate or conceal a theft or

embezzlement."  Moreover, the history of section 2E5.3(a)(2) shows that the omission of a plan asset

requirement was deliberate.  As originally promulgated, section 2E5.3 provided that the theft

guideline would apply "[i]f false records were used for criminal conversion *of plan funds*."  U.S.S.G.

§ 2E5.3 (1987) (emphasis added).  However, in 1989, the Guideline was amended to eliminate the

reference to plan funds.  Accordingly, this Court should follow the only other case on point and hold

that the theft guideline applies even if  Sims converted the funds before they became assets of the

Plan.  *See United States v. Williams*, 172 F.2d 61, 1998 WL 879536 (9th Cir. 1998) (unpublished).

## CONCLUSION

For the reasons set forth above, the Government requests that the Court overrule Sims'

objection to the application of U.S.S.G. §2B1.1.

Respectfully submitted this the 17th day of October, 2006.

LEURA G. CANARY
UNITED STATES ATTORNEY

s/Andrew O. Schiff
ANDREW O. SCHIFF
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: andrew.schiff@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA    )
                            )
       v.                   )           CR. NO. 3:06cr41-MEF
                            )
JUDY ANN BANKS SIMS         )

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2006, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system which will send notification of such filing to George L. Beck,

Jr., Esquire.

                            Respectfully submitted,

                            LEURA G. CANARY
                            UNITED STATES ATTORNEY

                            s/Andrew O. Schiff
                            ANDREW O. SCHIFF
                            One Court Square, Suite 201
                            Montgomery, AL 36104
                            Phone: (334)223-7280
                            Fax: (334)223-7135
                            E-mail: andrew.schiff@usdoj.gov