IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO.:  3:06cr00041-MEF |
| ) | |
| JUDY ANN BANKS SIMS ) | |

**MOTION FOR DOWNWARD DEPARTURE**

COMES NOW Judy Ann Banks Sims, by and through counsel, and files this Motion for Downward Departure pursuant to 18 U.S.C. § 3553 and §§ 5K, 5K2.0 and 5K2.20 and states as follows:

1. In addition to the objections raised to the allegations contained in the Presentence Report, the Defendant moves for downward departure based on circumstances present to a degree but not adequately taken into consideration in the guidelines, and for a downward departure based upon aberrant behavior.

2. The guidelines fail to take into consideration mitigating circumstances present in this case. One mitigating circumstance is the position of the Defendant in wearing "two hats" in connection with doing her job as a corporate employee and as a conduit for transmission of information to the administrator of the pension plan. The Defendant was placed in the position of making choices to pay payroll, rent and general expenses of the corporation or to fund the pension plan. The Defendant never stole, embezzled nor used any funds for personal use. No funds were taken from

the pension fund. The pension plan was merely underfunded as a result of corporate expenses exceeding the amount of revenue on the reporting date to contribute actual funds into the pension plan. The purpose of the written documents was to inform, rather than hide or cover up. These documents were false, and the Defendant has accepted responsibility for her acts. The detailed accounting made by the Defendant revealed to the administrator, the plan and the world that these funds were owed to individual fund participants. The money was simply not in the bank because the plan had not been funded by the corporation. The Defendant respectfully requests that the Court consider the circumstances of her actions, her lack of personal benefit and her acknowledgment of amounts due individual participants of the plan as mitigating factors that warrant a substantial downward departure.

  3. Under § 5K2.20, the Court can grant a downward departure where evidence supports that the Defendant's conduct in the instant offense amounts to aberrant behavior.

    (a) The crime does not involve a minor victim nor any offense as described in Title 18, §§ 1591, or under Chapters 71, 109A, 110 or 117 of Title 1 of the United States Code.

    (b.) The actions by the Defendant represent a marked deviation from an otherwise law-abiding life. Although documents were submitted over a period of years, the single criminal transaction

1084460

2

committed was the transmittal of documents on a single employee benefit or pension plan.

(c) The offense does not involve serious bodily injury or death, the use of a firearm, nor drug trafficking.

(d) The Defendant has no prior criminal history nor any other significant prior criminal behavior. Therefore, such downward departure for aberrant behavior is not prohibited.

4. Additionally, a downward departure from the guidelines is permissible and applicable in this case because of the extreme hardship placed on the Defendant's spouse in the event she is incarcerated. Her husband Lee Sims had quadruple bypass surgery in 1998. He presently suffers from coronary artery disease. He has a fluctuating blood pressure which goes from extremely high to extremely low. On one occasion, he simply rose in order to go to the restroom, but passed out because his blood pressure dropped too low. Had the Defendant not been physically present in the home the night it happened, her husband might not have survived.

The Defendant's husband is also a diabetic who depends on the Defendant to daily check his blood sugar and prepare his food. Lee is on Coumadin and is at high risk for receiving cuts with even the simplest kitchen utensil.

Because of back surgery, Lee no longer has good balance. He wears a brace on his left leg, but the brace does not entirely correct his balance

problem. Nerve damage has caused weakness in his legs. Currently, he is also undergoing physical therapy for a torn rotator cuff.

As part of his coronary artery disease problem, Lee suffers from a rapid heart rate. The Defendant has been required at a moment's notice, and at night, to drive him to Birmingham to check into intensive care. Again, serious consequences such as stroke or death could occur without her presence. See letter dated February 1, 2007, from Dr. Edwin Larson, a copy of which is marked Exhibit A attached hereto and specifically incorporated herein by reference.

5. Judy's son is William Comer, II (Will). He is 30 years old and lives along. He is diagnosed with Severe Panic Disorder. He works with Sims Foods and Nichols Pickles. However, you never know what is going to trigger an attack. He does not have seizures; but his mouth turns blue and begins to draw under his lips, and his hands turn blue and draw into claw-like positions. He takes the fetal position, hyperventilates and thinks he is going to die. People with this disorder actually feel that they are about to meet their death.

This began when he was 12 years old and for no apparent reason. He was at school when he had his first attack. They had to remove him from public schools for a time and home school him and then move him to a small private school.

Allan Downs is the physician who generally treats him for this disorder and prescribes Xanax to help him if he suffers an attack. He also takes some antidepressants, but nothing can be done to stop an attack once it starts.

The Defendant is the only one that really understands this syndrome and the only one that can calm him down. See letter of February 1, 2007, from Dr. Downs, a copy of which is marked Exhibit B attached hereto and specifically incorporated

6.   In addition, Judy Sims has been a model citizen in our community for many years. She has no criminal record. She has been actively involved in the community and has demonstrated good character throughout the community. She has unqualified support from the present Sheriff of Tallapoosa County. See letter from Sheriff Jimmy Abbott dated February 1, 2007, attached as Exhibit C and incorporated herein by reference.

7.   The present mayor and former Sheriff of Tallapoosa County also knows Mrs. Sims very well. Judy was distracted during the time she committed the illegal conduct by trying to care for both of her mothers and her husband Lee who was having heart surgery and back surgery. She is a good person and has never committed a crime before this one. She is very active in the community, assists poor people, regardless of race, and needs

to be home with her husband and son. See letter dated February 1, 2007, from Joe L. Smith, marked Exhibit D and incorporated herein by reference.

8. An example of Mrs. Sims' generosity is evidenced by the letter from Arthur Goodman, dated January 24, 2007, and marked Exhibit __ and incorporated herein by reference. As indicated, Mr. Goodman received an injury and surgeries on his knee which caused him to be unable to work for several years. Mrs. Sims bought groceries and gave him money to pay the doctor and have someone take care of him. His family and friends pretty much abandoned him, and if it were not for Judy, he would not have made it. She has been his friend, mentor and salvation. Supplemental letters are marked Exhibits F, G, and H attached hereto and specifically incorporated by reference.

## CONCLUSION

For the reasons stated herein, the Defendant respectfully requests that the Court grant her Motion for Downward Departure. Please allow her to remain at home or work and be monitored by a bracelet or such other conditions and restrictions as Your Honor should impose.

Respectfully submitted this the 2nd day of February, 2007.

Capell & Howard, P.C.

By: /s/ George L. Beck, Jr.
George L. Beck, Jr. (BEC011)

1084460

6

OF COUNSEL:
CAPELL & HOWARD, P.C.
150 South Perry Street
P.O. Box 2069
Montgomery, AL  36102-2069
Phone: 334-241-8002
Fax:    334-241-8202

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Andrew O. Schiff, Esq., Assistant U.S. Attorney
201 One Court Square
Post Office Box 197
Montgomery, AL  36101-0197
Andrew.schiff@usdoj.gov, Debbie.shaw@usdoj.gov

Terrence N. Marshall
U.S. Probation Office
One Church Street
Montgomery, AL  36104

By: /s/ George L. Beck, Jr.
George L. Beck, Jr. (BEC011)

1084460                                                                                              7