IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 3:06cr41-MEF |
| ) | |
| JUDY ANN BANKS SIMS ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and as grounds for this Response, states as follows:

**I.   STATEMENT OF FACTS**

The following facts are recited verbatim from the plea agreement in this case:

During the relevant time period (1997 to 2005), defendant operated the business of Professional Employee Leasing, Inc. ("PEL"), a corporation owned by her husband. The business of PEL was to "lease" employees to other entities, mostly physicians' offices. The physicians were billed by PEL, and PEL would pay the "leased" employees. PEL maintained a retirement benefit plan called the Professional Employee Leasing, Inc. Money Purchase Pension Plan (the "Plan"). The Plan is an "employee pension benefit plan" within the meaning of and subject to Title I of ERISA. PEL would include the contributions to the Plan as a separate line item on the invoices to the physicians. Beginning in 1997, PEL began to fail to contribute to the Plan all of the funds it was receiving for that purpose from the physicians. As a result, each year defendant would cause to be filed with the IRS and the Department of Labor a Form 5500 (Annual Return/Report of Employee Benefit Plan), which is a document required to be published under Title I of ERISA, that contained false statements and/or representations of fact, which defendant knew to be false.

For the reasons set forth below, based on these facts and others set forth below, the Court should deny Sims' motion for downward departure.

## II. ARGUMENT

### A. Alleged "Mitigating" Circumstance

The first supposedly mitigating circumstance Sims points is her misleading claim that she "never stole, embezzled nor used any funds for personal use." However, PEL was solely owned by her husband, and during the period in question Sims paid her husband in excess of $110,000 during the time she was failing to fund the Plan.[1] Thus, Sims benefitted financially from her misconduct, and this so-called mitigating factor actually supports the Government's position that a short period of incarceration is appropriate.

### B. Aberrant Behavior

The November 2000 Sentencing Guidelines defined "aberrant behavior" as "a single criminal occurrence or single criminal transaction that (A) was committed without significant planning; (B) was of limited duration; and (C) represents a marked deviation by the defendant from an otherwise law-abiding life." U.S.S.G. § 5K2.20, app. note 1. A case such as Sims'–a multi-year scheme to convert pension contributions combined with false statements to the government to conceal the conversion–cannot qualify for an aberrant behavior departure. *See United States v. DeVegter*, 439 F.3d 1299, 1306 (11th Cir. 2006) (departure not warranted when defendant "engaged in repeated acts of wrongdoing spanning months").

---

[1] The Government would be prepared to prove at the sentencing hearing that when Sims was interviewed by a Department of Labor investigator, she admitted making "profit" payments to her husband of $1,000 to $3,000 per month during the time she was failing to fund the Plan. A review of bank records shows $110,000 in payments to Lee Sims between 2000 and 2004. This figure does not include payments during the period 1997 through 1999.

### C. Family Circumstances

Sims relies on her need to care for her husband and 30-year-old son as a basis for a downward departure. However, the case law does not support this request:

> [Defendant's] family circumstances are not so extreme as to justify a downward departure. "Family . . . responsibilities . . . are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." [U.S.S.G. § 5H1.6.] The district court partly based the downward departure for [defendant] on his dyslexic son's need for tutoring as well as the fact that his mother-in-law is in failing health. The court recognizes that these circumstances are indeed unfortunate. Nevertheless, the collateral effects that [defendant's] sentence has on his family do not distinguish his case from the many cases in which we have reversed downward departures. *See United States v. Mogel*, 956 F.2d 1555, 1565 (11th Cir. 1992) (finding a woman with "two minor children to support, and a mother that lives with [her]" is not extraordinary); *United States v. Cacho*, 951 F.2d 308, 311 (11th Cir. 1992) (having minor children to take care of is not extraordinary); *United States v. Allen*, 87 F.3d 1224, 1225 (11th Cir. 1996) (finding that a defendant with the role of primary caretaker for his 70 year-old father with Alzheimer's and Parkinson's diseases is not extraordinary). There is nothing inherently extraordinary about caring for a child or a sick parent. Innocent young family members, including children, commonly suffer as a result of a parent's incarceration. *Mogel*, 956 F.2d at 1565. Although we can understand [defendant's] desire to minimize his sentence's adverse effects on his family, the court should not have considered these circumstances in departing downward.

*United States v. DeVegter*, 439 F.3d 1299, 1306 (11th Cir. 2006). Sims' situation presents no greater hardship than those in which a departure has already rejected by the Eleventh Circuit. Therefore, the Court should deny her downward departure motion.

### D. Community Service

Sims relies on her prior community activities and good works. However, the Guidelines discourage district courts from basing departures upon such factors. *See* U.S.S.G. § 5H1.11 (2000 ed.) ("Military, civic, charitable, or public service; employment-related contributions; and similar prior good works are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range."); *see also United States v. Miller*, 146 F.3d 1281, 1285 (11th Cir. 1998)

(defendant's "superior education, military performance, and intelligence . . . are not characteristics upon which a departure can be based"); *United States v. Tomono*, 143 F.3d 1401, 1404 (11th Cir. 1998) (per curiam) (reversing departure based in part upon defendant's community respect and prior good works); *United States v. Bush*, 126 F.3d 1298, 1301 n.2 (11th Cir. 1997) (noting that departure based on aberrant behavior could not be used as a back door for factors such as prior good works or community ties, since "[n]one of these factors are ordinarily relevant in determining whether to depart from the applicable guideline sentencing range").  Therefore, the Court should deny Sims' departure motion.

   E. ***Booker* Variance**

Although Sims couches her motion as a request for departures, she also cites to 18 U.S.C. § 3553, and the Government assumes she wants the Court to consider the issues she raises as a request for a variance as authorized by *United States v. Booker*, 543 U.S. 220 (2005).  The Government does not dispute that the Court may consider even discouraged factors in determining whether a variance is appropriate.  The Government's proposed sentence–a ten-month "split sentence" of five-months imprisonment and five-months home confinement, which is the maximum permitted by the plea agreement–appropriately takes into account the fact that although a significant financial crime was committed, Ms. Sims has had no other problems with the law and immediately admitted her wrongdoing.  Therefore, the Government would oppose a variance, except that if the Government's proposed sentence is not authorized by the Sentencing Guidelines, the Government would not opposed a variance to a level that would permit such a sentence.

**CONCLUSION**

For the reasons set forth above, the Government requests that the Court deny Sims' downward departure objection to the application of U.S.S.G. §2B1.1.

Respectfully submitted this the 7th day of February, 2007.

> LEURA G. CANARY
> UNITED STATES ATTORNEY
>
> s/Andrew O. Schiff
> ANDREW O. SCHIFF
> One Court Square, Suite 201
> Montgomery, AL 36104
> Phone: (334)223-7280
> Fax: (334)223-7135
> E-mail: andrew.schiff@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:06cr41-MEF |
| | ) | |
| JUDY ANN BANKS SIMS | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to George L. Beck, Jr., Esquire.

    Respectfully submitted,

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    s/Andrew O. Schiff
    ANDREW O. SCHIFF
    One Court Square, Suite 201
    Montgomery, AL 36104
    Phone: (334)223-7280
    Fax: (334)223-7135
    E-mail: andrew.schiff@usdoj.gov