IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

RECEIVED
2007 MAR -9 P 1:20

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:06cr00041-MEF |
| | ) | |
| JUDY ANN BANKS SIMS | ) | |

### SUPPLEMENTAL BRIEF ON BEHALF OF THE DEFENDANT

COMES NOW the Defendant Judy Sims, by and through counsel, and files this supplemental brief and states as follows:

For further opposition to the Government's argument that the offense of filing a false statement was committed "...to facilitate or conceal a theft or embezzlement...", Defendant cites the case of *Holdeman v. Devine*, 474 F.3d 770 (10th Circuit 2007). The *Holdeman* court opined that a company's CEO did not breach a fiduciary duty to an ERISA plan by allegedly failing to allocate adequate funding to the plan but, instead, by distributing substantial amounts to company principals. Supra at page 780.

The facts in *Holdeman* are almost identical to the facts covering the conduct of Defendant Sims. In *Holdeman,* the CEO made a decision as to whether to allocate company funds to the plan or pay himself and other company officials. CEO Devine, as in Mrs. Sims' case, agreed to help out the family business. Mrs. Sims served as an unpaid employee of her husband's employee leasing corporation. Devine worked as CEO and general counsel of his family's business.

Holdeman filed a civil suit as class representative of a group of employees against both the company and its CEO, Devine. The allegation was that Devine breached his fiduciary duties by underfunding the plan in favor of paying compensation and making distribution to himself and family members who own the corporation. The shortage in corporate funds was caused by a drop in revenues because of a drop in business. (Same as in PEL)

The court ruled that Devine's choice in underfunding the plan to the benefit of himself and family members did not constitute a breach of fiduciary duty. *Holdeman*, supra at 779, 780. The court quoted favorably from *In re: Luna,* 406 F.3d 1192 (10th Circuit 2005) (and previously cited and furnished to the court) and made two observations which are germane to the court's decision in the Sims case: First, the court recognized the Department of Labor's regulatory pronouncements and case law which conclude that one does not become a fiduciary simply because it breaches a contractual obligation to a fund. In other words, "[t]he act of failing to make contributions to the funds could not reasonably be construed, under ERISA, as taking part in the management or disposition of a plan asset." *Luna*, supra 1204; *Holdeman*, supra 777, 778.

And second, adding to the *Luna* decision, the court in *Holdeman*, citing with favor from *Pegram v. Herdrich*, 530 U.S. 211 (2000) concluded that the decision to fund a pension plan as opposed to making payments to family

members when there was a shortfall in corporate funds or cash flow, was a "purely business decision, not regulated under ERISA." *Holdeman*, supra at 779.

In *Holdeman*, Devine made a business decision to declare dividends and distribute over $1.2 million to family members at a time when the plan members were underfunded by millions of dollars each year. *Holdeman*, supra at 779. However, when applying the "business judgment rule," it made no difference. Quoting favorably from *Pegram* and *Luna*, the court in *Holdeman* again concluded that simply because a person has a financial interest adverse to the beneficiaries of a plan does not mean that a fiduciary has violated a fiduciary duty. Even though an employee such as Mrs. Sims wears two hats, she only wears one hat at a time. In other words, she wears a corporate hat when making corporate decisions and a fiduciary hat when making fiduciary decisions. (Incidentally, Mrs. Sims was not even a fiduciary of the plan in question.) The court concluded by quoting favorably from the United States Supreme Court case in *Pegram*:

> "In every case charging breach of ERISA fiduciary duty,…the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *Pegram,* supra at 226.

Since Mrs. Sims is not a fiduciary, and since even if she were a fiduciary, she was not making fiduciary decisions and cannot be liable for

underfunding of a pension plan, it stands to reason that she certainly cannot be guilty of theft or embezzlement of funds from the plan. As in *Holdeman,* she wore two hats. There was a shortfall of funds. She made a business decision to pay corporate expenses out of the corporate funds. She paid into the plan as such funds as were available. At no time after the funds were paid into the plan did Mrs. Sims use, pay out or otherwise distribute any plan funds except upon the written authorization of Paul Turner, the plan administrator. The mere fact that her husband, and indirectly, she, benefited from payments of corporate funds which resulted in an underfunding of the plan, makes no difference. She cannot steal nor embezzle things over which she has no control.

Mrs. Sims' criminal misconduct, to which she admits and has pled guilty, arose as a result of her sending false statements to Paul Turner which overstated the amount of the plan assets. Such false statement was not made in order to cover up a theft or embezzlement. Such theft or embezzlement never occurred. The plan was simply underfunded.

The Defendant respectfully requests that this Court deny the application of a two-point enhancement provided in § 2E5.3(a)(2).

Respectfully submitted this the 9 day of March, 2007.

                              **Capell & Howard, P.C.**

                    By: _____
                            George L. Beck, Jr. (BEC011)

1086741

4

OF COUNSEL:
CAPELL & HOWARD, P.C.
150 South Perry Street
P.O. Box 2069
Montgomery, AL  36102-2069
Phone: 334-241-8002
Fax:   334-241-8202

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the following counsel of record by placing a copy in the United States mail, postage prepaid and properly addressed to them on this 9th day of March, 2007.

Andrew O. Schiff, Esq.
Assistant U.S. Attorney
P.O. Box 197
Montgomery, AL  36101-0197


By: _____
George L. Beck, Jr. (BEC011)

1086741

5